Good morning. Good morning. May it please the Court, Margaret Littlefield appearing on behalf of Appellant and Petitioner Dale Crawford. In this case, I'm going to address for the Court in oral argument only the ruling of the district court on the sufficiency of the evidence upholding the denial of parole based on two pieces of evidence the district court found were sufficient and finding that the denial was unsupported by four pieces of evidence. Of the first of those two pieces of evidence the district court found to be supported was the vocational training, lack of vocational training, and educational training, or what the court called, the district court called, a lack of self-improvement, a desire for self-improvement. First, the State court decision denying the denying the habeas petition, challenging the denial of parole, did not rely on Mr. Crawford's lack of vocational and educational training as one of the bases. So that is actually a nonissue here. The district court simply was unwarranted in making that finding because the State court did not make that finding. And, therefore, there's nothing under the ADPA for the district court to have upheld and found to be reasonable. In the event the Court disagrees with that statement. Well, is the Board? Did the Board rely on it? Yes, the Board did. But the under the ADPA, it is the State court decision, the last reasoned State court decision upon which the district court and the Federal courts rely in determining whether there is, for example, as here, some evidence to support the parole denial. And because the State trial court did not find that to be some evidence to deny parole specifically, then there's nothing to address under the ADPA by the Federal court. If the Court disagrees, however, the vocational training requirement or educational requirement in this case was – is completely unreasonable. It's an arbitrary requirement because Mr. Crawford has a vocation. He has a job offer on parole that utilizes some of the aspects of that vocation that he pursued for 13 years before he entered prison on this commitment offense. And he has also been working consistently in prison with above-average-to-excellent work reports. So the requirement that he then somehow participate in addition in – at the age of 50 or 50 as he is now to obtain an additional vocation is simply arbitrary and unreasonable. You're focusing on the district court's decision. Yes. Couldn't we address the State court's decision and the evidence cited by the State court in support of its denial of the habeas petition, referring to the decision of the State court in the record, pages 29 through 31? And the State court's finding, which appeared to support the board's concern with Mr. Crawford's decision not to participate in self-help programs while he was incarcerated, does that finding, also reflected in the record at page 104, provide some evidence to support the State court's denial of the habeas petition? Well, first, the district court found that it did not, and Mr. Crawford prevailed on that in the district court. The State did not object to that finding in the district court, which is a requirement in order to raise that issue on appeal, as Mr. Crawford pointed out in his briefing. So and in the event that the court still decides to consider it, the self-help problem is very evident in this case from the record. Mr. Crawford has denied from the very beginning and continues to deny that he committed this crime. All of the self-help groups in prison that the board suggested that he should participate in are designed to help him overcome whatever causative factors and stresses led to his commitment of the offense. Mr. Crawford is not required under California law, under Penal Code Section 5011, to admit that he committed the offense. The board has to make its decision based on other factors. And Mr. Crawford basically, very logically, has said, as did his attorney in the hearing, that participation in self-help, basically all of these self-help groups address the causative factors of the crime. And Mr. Crawford denies that he committed the crime, and he is not required to admit it, and the board cannot use that against him. And so for him to participate in self-help activities is a contradiction in terms. But he regards participation as some sort of an implicit admission. They're not going to require that he admit the truth of the charge, are they, in order to participate in some self-help program? Well, the self-help programs basically are all designed for the prisoners to understand the factors that led up to their commitment of the offense. I know, but he has some almost pride issue here, does he not? He doesn't want to participate in these because it's some sort of an implied admission. Well, he, yes, he has stated that. He doesn't have to. Excuse me. Go ahead. He has stated that, but it's also clear that he believes, because he's also said very plainly, I am not a criminal. I did not commit this crime. I do not need this kind of help. The crime being that he beat his wife to death with a baseball bat? Yes. Now, obviously, the board must consider that the crime occurred as he was convicted, and so that brings us to the, actually, though, I just wanted to go back again to the vocational training that the court, the district court found, and in case the Attorney General argues that that is somehow in the State court decision as well. Mr. Crawford has a medical excuse to not participate in vocational training, and I would like to point out that the prison has never offered him any accommodation under the ADA to allow him to do that. They have simply said you simply, they seem to indicate you have to do it the way it is. Anyway, the fundamental basis for the board's denial of parole and the trial courts, State trial courts finding that there was some evidence to support that denial, and the district courts finding that that finding was not unreasonable, is the Cal's brutal nature of the offense. And the basis for that in both the State court and the district court was that the counsel, if the decision is that this was a callous, brutal crime, which it was, and he has refused to take any self, to recognize that his, to accept responsibility for it, and to accept any anger management or training that would help him cope with this problem that he had. We have to assume he had a problem, too, that he did, that committed the crime. Now, why is that unreasonable or an unreasonable application of Federal law or an unreasonable application of law to the facts? Because under State law, he, the prisoner, the board cannot rely on the fact that he denies the crime and must rely on other factors. And this Court and the Federal courts look to State law to determine how to apply the some evidence test. We've seen that in, I believe, Irons and in Sass, where the courts have indicated that the some evidence test is, the framework for that test is delineated by the State court decisions. I would like to reserve the last minute, please, for rebuttal. Thank you. Roberts. Good morning, Your Honors. May it please the Court. Amy Daniel, Deputy Attorney General, appearing on behalf of Appellee Warden Carey. The Petitioner here is only entitled to Federal habeas relief from this Court if he can show that the underlying State court decision denying him habeas relief was contrary to or involved in unreasonable application of clearly established Federal law as determined by the Supreme Court. He is not entitled to relief from this Court based on the application of State law. Appellee preserves the argument that there is no Federally protected liberty interest here, but assuming that the Federal due process clause does apply, the Federal due process clause does not constitutionalize State parole law, but rather would entitle Petitioner to the application, the protection of applicable Federal protections. What is the State law here, just out of curiosity? Which is part of the State law. As to what can be looked at in determining? What can be looked at? Yes. The parole statute in California directs the Board to consider the gravity of the offense and the timing and gravity of the current and past convicted offenses in determining whether or not an inmate is suitable for parole. And the regulations further delineate considerations that concern the crime. In addition, also prison behavior and rehabilitative efforts are included. So the refusal to do any vocational training or to accept counseling or help in understanding why he got so angry that he got out of control with his wife, that is appropriate to look at under State law? Yes. The Board is directed to consider all relevant and reliable evidence in an inmate's case. The refusal to engage in any self-help activities would be relevant under California law, yes. Is there anything in the law about dangerousness or determination of dangerousness? The parole statute directs that an inmate may be denied parole based on a risk to public safety. Risk to public safety? Yes. And they didn't make any specific finding in this case about public safety? In its the Board? Yes. In its decision, the Board referred to the commitment offense here in combination with his lack of educational, vocational, and self-help improvement, and said that based on those factors, he poses an unpredictable degree of threat and is therefore unsuitable for parole. Okay. Are there any further questions? Thank you. Thank you. Thank you, Your Honors. As the Court pointed out, the decision to be made is whether Mr. Crawford is or remains today or at the time of this parole hearing in 2004, an unreasonable risk of danger to society. And the finding of the basis of the Court's finding apparently that the crime was brutal had to do with the fact that the victim was left someplace and may have lived for an hour to 12 hours, but there's no evidence that anybody would have been able to determine that she was not already dead when she was placed in the where she was left where she was. But what weight should this Court or what consideration should this Court give to the Board's conclusion that Petitioner needs self-help in order to understand and cope with stress in a nondestructive manner until progress is made, the Petitioner continues to be unpredictable and a threat to others, referring to the hearing before the Board, page 104? As I said before, under Yost v. Martinez, that's not for this Court to consider. But if the Court does in any event, aside from the problem with admitting the offense or denying the offense and the problem with self-help, Mr. Crawford has shown in prison by his record that he can deal with stress, and he has never had a rules violation, never. He's had a couple of minimal counseling chronos. The prison situation is extremely stressful and difficult and dangerous, yet Mr. Crawford has never, ever had a problem, and he has been praised by numerous people, and the counselors and the psychiatric reports say that he will present a low risk of danger if he were released. Thank you. Your time has expired. The case just argued is submitted for decision. We'll hear the next case, which is Fowler v. Sullivan.
judges: Schroeder, Leavy, Fairbank